The first exception is to a refusal of the court below to nonsuit the respondents, because they had not given sufficient evidence of their willingness to perform the contract on their part, nor of their ability to pay the contract price. The averment in the declaration, and which the respondents were bound to prove, was that they were ready and willing, c. The proof is full in respect to their willingness, and sufficient to carry the question to the jury of their readiness.
The next exception is to the charge of the court, made in the following words: "That to entitle the plaintiffs (respondents) "to recover, the jury must be satisfied that they were "able, ready and willing to receive the oats and to pay for "them at the time agreed upon; that direct proof of a "demand was not necessary; any evidence from which their "ability, readiness and willingness to perform their part of "the contract might be inferred, would be sufficient." *Page 157 
This charge is in exact accordance with the rules of law settled upon this subject. Coonley v. Anderson (1 Hill,
519) and the cases there cited by Bronson, J.
The next exception relates to a question which was contested on the trial, respecting the meaning of the contract. The appellant offered proof, which the court admitted, to show that the contract applied to a certain parcel of oats purchased by him of one B., the quantity of which was unknown and uncertain, and claimed that the words "more or less" were inserted in the contract to meet this uncertainty. The respondents, in anticipation of this proof and to maintain that the contract applied to no particular parcel of oats, but called generally for four thousand bushels, and to show that the terms "more or less" were consistent with their view of the contract, proved by a witness who appears to have been in the grain trade, that "oats sent by the canal vary about "five per cent. when they arrive from what they were when "shipped. They generally overrun or fall short about five "per cent. This is always expressed by the words `more "`or less.' We always make our contracts in that way, and "we mean by `more or less' to provide for an excess or a "diminution not over or under five per cent. We use the "word `about' to express the same thing. It is generally "customary among us that the purchaser takes whatever it is, "and gets the benefit or suffers the loss, not exceeding five "per cent." On his cross examination the witness stated, "The custom is a general custom. I have never known any "particular instance. All the grain dealers do. S.S. Co. "have such a custom. I can't mention a particular instance. "I can't give any other instance. I have sold grain to "M. D. this way."
On this testimony the court charged the jury on the branch of the case relating to the true meaning of the contract, as follows: "In this connection it will be important for the jury "to determine what was meant by the use of the terms `more "or less.' That if these terms had acquired by the custom of *Page 158 
"trade a particular meaning at the place where the contract "was made, such custom must be regarded as entering into "and constituting part of the contract, because the parties are "presumed to contract with a knowledge and with reference "to such custom." To this charge the appellant excepted.
The first objection to the charge is, that the usage was proved by only one witness. There are several cases in which the question has been considered, whether one witness was sufficient to prove a commercial usage. (Thomas v. Graves, 1 Const. R.of S. Car. 150; Parrot v. Thatcher, 9 Pick. R. 426; Wood
v. Hickok, 2 Wend. 501.) In the cases from South Carolina and Massachusetts the subject was fully discussed, and although the point was not directly decided, yet the reasoning of the courts and the tendency of their views were in favor of the proposition that one witness was sufficient, if his opportunities of knowing the usage were abundant and his testimony full and satisfactory. There does not appear to be any thing in the character of the fact that a usage in a given branch of trade exists, which renders it important that such fact should be established by more than one competent witness; and many cases may arise in which the administration of justice would be needlessly delayed and burthened by requiring two or more witnesses. The counsel for the appellant supposes the case of Wood v. Hickok (2 Wend. R. 501) to be in favor of the position that more than one witness is required to establish a usage. I do not so understand it. The question in that case was, whether interest should be allowed on an unliquidated account for groceries. On the trial evidence was given, but whether by one or more witnesses does not appear, but probably by one, that "it was the uniform practice of grocers to charge interest on "goods sold after ninety days." But the case did not turn on such practice. It was not alluded to in the charge of the judge, nor by counsel on the argument of the motion for a new trial. Mr. Justice Sutherland, after deciding the cause on the grounds upon which it turned, adds a closing remark, *Page 159 
that "the testimony of one witness that it is the uniform "practice of grocers to charge interest after ninety days * * * "does not amount to proof of the usage of a particular "trade." The remark appears to have been casual; it certainly was not upon a point at issue in the cause, and whether sound or not, upon which no opinion is expressed, does not conflict with the proposition that the testimony of one witness, who has adequate means of knowledge, may be sufficient to prove the existence of a usage in a given trade or business. When only one witness is called to establish such a fact, the duty of a court and jury will always lead to an inquiry and examination into the circumstances; and if his single testimony is not satisfactory, it will not form a basis of judicial action. The question whether the testimony of one witness to such a fact is sufficient, may be safely left in every case to the court and jury.
The second and only remaining objection to the charge under consideration is, that a usage like the one sought to be proved cannot control the rights of the parties by giving meaning to their contract. This proposition is not open for discussion. It is settled by authority. (Goodyear v. Ogden, 4 Hill, 104;Hinton v. Lock, 5 ib. 437; Coit v. Commercial Ins. Co. 7 J.R. 385; The Reeside, 2 Sum. 567; The Mutual Saf. Ins.Co. v. Hone, 2 Comst. 240, 241.)
The next and last exception necessary to notice, relates to an observation made by the court as to the effect of certain testimony upon a question of fact. That question was whether the contract did or did not apply to a particular parcel of oats. Some testimony was given of conversations with one of the respondents on that subject. The court in the charge say "there is nothing in Mr. T.'s language showing "that he was to have only B.'s lot of oats; of this, however, "you are to judge."
If the observation that "there was nothing in T.'s language "showing," c., had stood alone, and had not been afterwards qualified, it would have furnished ground for a *Page 160 
new trial; but being immediately followed by the remark, "of this, however, you are to judge," it falls within the rule stated by Kent Chancellor in the case of The New York F. Ins. Co. v.Walden (12 John. R. 519) viz.: "Whenever the "judge delivers his opinion to the jury on a matter of fact, "it shall be delivered as mere opinion, and not as a direction; "and the jury shall be left to understand clearly that they "are to decide the fact." This rule appears to be founded in practical wisdom, and commands approval. Judges at nisi prius should be exceedingly careful to keep clearly within it. In the present instance the observation of the judge was too broad; but being immediately qualified by the direction given to the jury, the judgment cannot for that reason be reversed.
I am therefore of opinion that the judgment should be affirmed. My brethren all concur with me in my views of the law; but a majority of them are of opinion that the judge in charging the jury, in effect stated, that although they should be satisfied that the contract related to a specific lot of oats then in the store of B., yet if they were also satisfied of the existence of the usage spoken of by the witness, such usage would enter into and control the contract. This they deem erroneous, and that the judgment for that reason should be reversed.
The charge and exception are in the following words: "Now if it was the understanding of the parties when the "contract was made that Rice should sell and the plaintiffs "receive a certain lot of oats, the exact quantity of which "was unknown, at 47 cents a bushel, and that was sent, but "turned out to be less than the quantity supposed, then there "was a full compliance with the contract; that in this connection "it would be important for the jury to determine "what was meant by the use of the terms `more or less;' "that if these terms had acquired by the custom of trade a "particular meaning at the place where the contract was "made, such custom must be regarded as entering into and "constituting part of the contract, because the parties are *Page 161 
"presumed to contract with a knowledge and with reference "to such custom."
"To this part of the charge, commencing with the words "`That if these terms had acquired,' the defendant's counsel "excepted," I do not understand the charge as a majority of my brethren do, especially the part excepted to; nor do I see any exception covering the ground on which they place their judgment.