ADOLPH WOOLNER et al., Appellants, *v.* EDGAR P. HILL et al., Respondents.

A party, who disables himself from performing his contract before default by the other party, thereby waives the performance of acts by the latter, which, but for the disability, he would be bound to perform as conditions precedent to a recovery on the contract.

In an action to recover damages for alleged breach of contract of sale, it appeared that defendants contracted to sell to plaintiffs three thousand barrels of alcohol at a price specified, to be paid for in cash, " on delivery," and " to be delivered along side buyers' vessel &ast; &ast; &ast; provided name of vessel and number of pier is made known before arrival of goods." Five hundred barrels were to be delivered in December, 1879. Defendants on the 16th of that month made a general assignment for the benefit of creditors ; on the 31st, plaintiffs demanded five hundred barrels and offered to pay therefor on delivery. *Held,* that a tender or designation of vessel and place of delivery was not necessary ; that the demand and offer were *prima facie* evidence of readiness to perform; and that a nonsuit was error.

Plaintiffs offered to show that a person, on their behalf, inquired of defendants if any thing by way of tender or performance was required on plaintiffs' part, and that one of the defendants answered it was not; this was objected to and excluded. *Held* error; that the evidence was compe-

tent as showing a waiver of the conditions of the contract; also that it was not necessary to set up such waiver in the complaint.

*Woolner* v. *Hill* (15 J. & S. 470), reversed.

(Argued October 15, 1883 ; decided October 26, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 5, 1881, which affirmed a judgment in favor of defendants, entered upon an order dismissing plaintiffs' complaint on trial. (Reported below, 15 J. & S. 470.)

This action was brought to recover damages for the alleged breach of a contract for the delivery, by the firm of Hill, Cunningham & Co., composed of defendants, to Woolner Brothers, plaintiffs' firm, of a quantity of alcohol.

The contract was as follows:

"NEW YORK, *Sept.* 19, 1879.

Sold for account of Messrs. Hill, Cunningham & Co.

To Messrs. Woolner Bros.:

"Three thousand (3,000) barrels alcohol in bond at twenty-nine and a half (29½) cents per gallon, cash, in bankable funds, on delivery. Proof 188 per cent, with corresponding reduction in price if it falls below, but not to be lower than 186 per cent. Said alcohol to be a prime and colorless article, and to be delivered in prime shipping order alongside buyers' vessel, at the rate of five hundred barrels per month, from November to April inclusive, sellers' option, free of expense to buyers, provided name of vessel and number of pier are made known before arrival of the goods here.

"Alcohol to be re-gauged here, actual gauges given and charged for as per Custom House gauger's returns.

"Buyers to give export bond as per regulation.

Accepted September 19, '79.

HILL, CUNNINGHAM & CO."

In pursuance of this contract, in November, 1879, five hundred barrels of alcohol were delivered by defendants to F. O. Boyd & Co., who were plaintiffs' agents in New York, and paid for. Plaintiffs claimed to recover damages for the failure to

deliver the remaining two thousand five hundred barrels, the price having advanced in the market. The further material facts appear in the opinion.

*Albert B. Boardman* for appellants. Assuming this to have been an ordinary executory contract of sale, imposing concurrent and dependent duties, it was sufficient that the plaintiffs were ready and willing to pay the contract price for the alcohol when delivered ; tender was not necessary. (*Coonley* v. *Anderson*, 1 Hill, 519 ; *Bronson* v. *Wiman*, 8 N. Y. 188 ; *Wheeler* v. *Garcia*, 40 id. 584 ; *Mount* v. *Lyon*, 49 id. 552 ; *Isaacs* v. *N. Y. Plaster Works*, 67 id. 124 ; *Porter* v. *Rose*, 12 Johns. 209 ; *Topping* v. *Root*, 5 Cow. 404 ; *Cornwell* v. *Haight*, 21 N. Y. 462 ; *Clark* v. *Dales*, 20 Barb. 42 ; *Smith* v. *Smith*, 8 Black, 208 ; *Biggers* v. *Pace*, 5 Ga. 171 ; *Crosby* v. *Watkins*, 12 Cal. 85 ; *Gilks* v. *Atkinson*, 1 Marsh. 412 ; *Waterhouse* v. *Skinner*, 2 B. & P. 447 ; *Levy* v. *Herbert*, 7 Taunt. 318 ; *Bach* v. *Owen*, 5 T. R. 402 ; *Radford* v. *Smith*, 3 M. & W. 254 ; *Bowdell* v. *Parsons*, 10 East, 359 ; *Amory* v. *Brodrick*, 5 B. & A. 712 ; Benjamin on Sales [3d Am. ed.], § 878.) By their voluntary general assignment for the benefit of creditors of the 15th of December, 1879, the defendants put it out of their power to perform their part of the contract, and so relieved the plaintiffs from making any offer of performance. (Bishop on Insolvent Debtors, 47, 110 ; *Butler* v. *Thompson*, 4 Abb. N. C. 290 ; 2 R. S. 21, § 28 ; *Griswold* v. *Waddington*, 15 Johns. 82 ; *Marquand* v. *Manuf. Co.*, 17 id. 535 ; *Kuehnemundt* v. *Haar*, 14 J. & S. 188 ; *Hawley* v. *Keeler*, 53 N. Y. 114 ; *Crist* v. *Armour*, 34 Barb. 378 ; *Sears* v. *Conover*, 4 Abb. Ct. of App. Dec. 179 ; *Anderson* v. *Sherwood*, 56 Barb. 66.) It was error to exclude the evidence that defendants had waived tender and any offer of performance from the plaintiffs. (*Holmes* v. *Holmes*, 9 N. Y. 525 ; *Smith* v. *Poillon*, 87 id. 594.) The present was not an ordinary executory contract of sale, imposing concurrent and dependent obligations upon the parties. (*Fowler* v. *Rigney*, 5 Abb. Pr. [N. S.] 182 ; *Goodrich* v. *Sweeney*, 4 J. & S. 320.)

*E. T. Wood* for respondents. The plaintiffs' neglect to make tender was fatal. (1 Duer, 277, 284; *Parker* v. *Parmele,* 20 Johns. 136; *Ketchum* v. *Hyler,* 48 Barb. 596; *Lester* v. *Jewett,* 12 id. 502; *Culver* v. *Bergen,* 21 id. 224; *Van Schaick* v. *Winne,* 16 id. 89; *Walden* v. *Davison,* 11 Wend. 67; *Williams* v. *Healey,* 3 Denio, 363; *Garlock* v. *Lane,* 15 Barb. 359; *Frey* v. *Johnson,* 22 How. Pr. 316; *Tickett* v. *Boice,* id. 194; *Ketcham* v. *Hiller,* 48 Barb. 596; *Stevenson* v. *Maxwell,* 2 N. Y. 408–415; *Dunham* v. *Pettee,* 8 id. 508; *Baker* v. *Higgins,* 21 id. 397; *Wolfe* v. *Howes,* 20 id. 197; *Tifton* v. *Feitner,* id. 423; *Cunningham* v. *Jones,* id. 486; *Morange* v. *Morris,* 32 How. Pr. 178; *Begler* v. *Morgan,* 77 N. Y. 317–319; *Isaacs* v. *N. Y. Plaster Works,* 67 id. 124; *Shaw* v. *Rep. L. Ins. Co.,* 69 id. 292, 293; *Burtis* v. *Thompson,* 42 id. 246; *Williams* v. *Healey,* 3 Denio, 366–7; *Lester* v. *Jewett,* 11 N. Y. 453; 2 Wait's Pr. 382; *Smith* v. *Brown,* 17 Barb. 434.) Failure to give notice of the location of the buyers' vessel was a fatal neglect. The defendants could not deliver had they so endeavored. (*Caldwell* v. *Murphy,* 1 Duer, 234; *Isaacs* v. *N. Y. Plaster Works,* 67 N. Y. 125; *Coonley* v. *Anderson,* 1 Hill, 519; *Smith* v. *Brown,* 17 Barb. 431; *Williams* v. *Healey,* 3 Denio, 366; *Morris* v. *Sliter,* 1 id. 59; *Armitage* v. *Insole,* 14 Q. B. 728; *Stanton* v. *Austin,* L. R., 7 C. P. 651; *S. C.,* 3 Eng. Rep. 417; Benjamin on Sales [2d ed.], 559; Wait's Act. and Def. 568; 1 Duer, 277–284; 67 N. Y. 125.) Proof of waiver was incompetent, not having been set up in the complaint. (*Smith* v. *Brown,* 17 Barb. 431–434, 383, 384; 11 N. Y. 25; 23 Barb. 573; 20 N. Y. 197; 3 Denio, 366; 1 id. 59; 42 N. Y. 246; 55 id. 484.)

MILLER, J. The most material questions in this case are whether it was the duty of the vendee to inform the vendor of the name of the vessel and at what place the vendee would be ready to receive the alcohol, which the vendor had contracted to deliver, and whether it was necessary for the vendee to tender the price of the alcohol to the vendor before delivery.

By the contract between the parties the alcohol was to be de-

livered alongside of the buyer's vessel at the rate of five hundred barrels per month from November to April inclusive, sellers' option, cash on delivery free of expense to buyers, provided name of vessel and number of pier are made known before arrival of the goods. No notice was given by the plaintiffs in accordance with the provisions of the contract, nor was any tender made by them to the defendants of the price of the alcohol. The appellants offered upon the trial to show a waiver by the defendants which would have obviated this objection. The offer made was to the effect that a witness on behalf of the plaintiffs called upon the defendants at their office on the 31st day of December, 1879, and had an interview with one of the defendants ; that he said to him he appeared there at the request of Mr. Woolner on behalf of the plaintiffs ; that he wanted to know if it was necessary for these people to do any thing by way of tender or performance of their contract to keep their contract alive, or to tender the money, or to do any thing of that kind, and that Mr. Hill, one of the defendants, said to him that it was not.

It also appears, from the evidence, that on the 15th day of December, 1879, the defendants made a general assignment for the benefit of creditors. It was also proved that on the 31st day of December, 1879, the plaintiffs sent a letter by messenger to the defendants, demanding the delivery of the five hundred barrels of alcohol due that month, and offering to pay the purchase-price of the same on delivery.

We think it was sufficient that the plaintiffs were ready and willing to pay the contract-price of the alcohol when delivered, and no tender was necessary. This rule is well settled in this State. (*Coonley* v. *Anderson*, 1 Hill, 519 ; *Vail* v. *Rice*, 5 N. Y. 155 ; *Bronson* v. *Wiman*, 8 id. 188 ; *Isaacs* v. *New York Plaster Works*, 67 id. 124.)

In this case no tender was required for the additional reason that the defendants had, by their voluntary assignment of the 15th of December, placed it out of their power to perform. The assignee had no power, as such, under the circumstances to accept the tender or fulfill the contract, as the defendants

had by the assignment disposed of their interest in the same, and, as there was no one to whom the tender could properly have been made, the plaintiffs were relieved from making any offer of performance by a tender of the money.

The rule is well established that the party who disables himself from performing his contract before default by the other party waives the performance of acts by the latter, which, except for such disability, he would be bound to perform, as conditions precedent to recovery on the contract. (*Hawley* v. *Keeler*, 53 N. Y. 114.)

Having this principle in view the defendants, by the assignment, had become disabled from performing the contract and waived the conditions which might have been insisted upon had they been in a condition to perform themselves.

The formal demand of the goods by the plaintiffs on the 31st of December, and their offer to pay for the same on delivery, was strong evidence of the plaintiffs' readiness to perform.

The evidence offered by the appellants to show that the defendants had waived tender and any offer of performance from the plaintiffs, we think should have been received. (*Holmes* v. *Holmes*, 9 N. Y. 525; *Smith* v. *Poillon*, 87 id. 594; 41 Am. Rep. 402.) The evidence was admissible for the purpose of showing that the plaintiffs were not bound to tender the money upon the contract for the alcohol, or to designate the place of delivery. Although the complaint averred a readiness to perform on the part of the plaintiffs, yet if the evidence shows that the plaintiffs were ready and willing to perform at the appointed time and place, and the defendants did nothing, this is enough to sustain the averment without proving either a demand or a tender of the money. (*Coonley* v. *Anderson*, 1 Hill, 519, *supra*.) It cannot, therefore, be said that the evidence would have raised a new issue.

The point was not taken on the trial that the plaintiffs were not co-partners, and, on the ground stated, the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.