HUGH N. CAMP, RESPONDENT, *v.* MICHAEL REDMOND, APPELLANT.

*Contract for the sale of land — necessity of an allegation as to a default in the contract, and as to readiness to perform, in an action for its enforcement.*

In an action brought to recover damages for the non-performance of a contract for the sale of lands, which was to be completed on November 11, 1889, it was alleged that the plaintiff was, on such date, ready to deliver a sufficient deed of the premises at the place specified in the contract; that the defendant was not there, and failed to complete his purchase, and that the plaintiff, after notice to that effect to the defendant, sold the property at public auction.

The defendant alleged in his answer that he had no knowledge or information sufficient to form a belief as to the allegations of the complaint, and, further, that the land described in the complaint was, on October 12, 1889, knocked down to the defendant at public auction by the plaintiff's authorized agent, and that he had paid to the plaintiff $300 on account of the purchase-money; that the plaintiff, on December 10, 1889, sold the property at public auction to a third person and thus put it out of his power to perform the contract; that he still retained the defendant's money, which the defendant asked to offset against any recovery that the plaintiff might obtain in the action, if any; and, if none, that the defendant should recover said $300.

A demurrer having been interposed by the plaintiff to this answer, it was

*Held,* that the demurrer should be sustained, as the defendant did not allege in his affirmative cause of action that he was ready and willing to perform the contract of sale at the time appointed, which it was necessary for him to allege in order to succeed in this affirmative cause of action.

Where a purchaser of land makes default in executing the contract on his part, the vendor is not bound to wait indefinitely before he is at liberty to dispose of the property to another, and in such case his disposition of it after a reasonable lapse of time does not give the purchaser a cause of action.

APPEAL by the defendant Michael Redmond from an interlocutory judgment, entered in the office of the clerk of the county of New York on May 21, 1890, whereby the demurrer of the plaintiff to that portion of the amended answer, numbered "second," was sustained, with costs to the plaintiff.

*Harry A. Forster*, for the appellant.

*James C. De La Mare*, for the respondent.

VAN BRUNT, P. J.:

I cannot concur with the conclusion arrived at by Mr. Justice Daniels, that under the facts alleged in the answer the defendant would be, if they were true, entitled to recover the amount of his deposits. The facts seem to be that the plaintiff contracted to convey to the defendant certain real estate, and the defendant contracted to pay for the same on the 11th day of November, 1889, and paid $300 down. There are no allegations in the answer, setting up the counter-claim or set-off, that the defendant ever was ready to take the property, or that the plaintiff failed in any respect in reference to his part of the contract.

It is urged by Mr. Justice Daniels that the defendant has not admitted that he was in default. This is true; but in his affirmative cause of action he has not alleged that he was ready and willing to perform at the time appointed. It is necessary for him to allege and prove this to succeed in his affirmative cause of action.

All that is alleged is, that the plaintiff sold the property to somebody else on the tenth of December. Where a purchaser makes default the seller is not bound to wait forever to dispose of the property to another without giving the purchaser a cause of action.

The judgment should be affirmed, with costs.

BRADY, J., concurred.

DANIELS, J. (dissenting):

The action is for damages for the non-performance of a contract made for the sale and purchase of land. The sale was made by auction, and it was to be completed on the 11th of November, 1889. It is alleged in the complaint that the defendant, in that respect, failed to fulfill the terms of his agreement to accept the deed and other-

wise perform on his part. But the ability and readiness of the plaintiff to convey the property has been put in issue by the answer of the defendant.

The defendant then, by way of a set-off, partial defense and counter-claim, further answered that the ten lots described in the complaint were knocked down to him at public auction by the plaintiff's agent. And the answer then proceeded to state:

That plaintiff, in selling such lots, agreed to convey them to the purchaser at such auction sale on receiving the purchase-money, less sixty per cent thereof, which could remain on bond and mortgage at the option of the purchaser.

That the defendant paid to the plaintiff $300 on account of the purchase-money.

On information and belief, that, on December 10, 1889, plaintiff sold the property at public auction to a third person, and thus put it out of his power to perform his contract and convey the property in fee to the defendant, and that plaintiff retained, and still retains, $300 paid to him by the defendant on account of the purchase-money.

That the defendant is entitled to have the $300 offset against any recovery that the plaintiff may obtain in this action, if any; and if plaintiff should fail to recover, defendant is entitled to recover said $300 from the plaintiff.

Wherefore, the defendant demands judgment against the plaintiff for the dismissal of the complaint, and the sum of $300, besides the costs of the action.

The plaintiff demurred to this answer on the ground that it failed to state a cause of action, and the demurrer was sustained by the Special Term.

No failure to perform the contract has been, in any form, admitted by the defendant, nor does it appear otherwise than by the allegations of the complaint, upon which issue has been taken by the answer, how the contract was carried along to the month of December, 1889. It cannot be inferred from what has been set forth in this part of the answer that the defendant was at any time in default on his part. For no such default has been admitted, either expressly or by implication. But it is apparent from this part of the answer that the lots continued to be owned by the

plaintiff up to the 10th of December, 1889, and that he then sold them to another person. This put it out of his power to perform the contract he had made for their sale to the defendant. And dispensed with an offer, in the averment of readiness, to perform on his part. (*Weeks* v. *Little*, 89 N. Y., 566; *Woolner* v. *Hill*, 93 id., 576.) It placed the plaintiff himself in default, as the case has in this manner been stated, and entitled the defendant to rescind, and recover back the $300 paid by him on the purchase-price of the lots. And he had the right to interpose that as a counter-claim in this action. The demurrer, therefore, should not have been sustained. And the judgment should be reversed and the demurrer overruled, with costs, but with leave to the plaintiff to withdraw it and reply in twenty days on payment of the costs of the demurrer and the appeal.

Judgment affirmed, with costs.