HOOPER *et al. v.* BEECHER *et al.*

(*Supreme Court, General Term, First Department.　June 12, 1891.*)

1. APPEAL BY ONE MEMBER OF A FIRM—EFFECT OF REVERSAL.

An assignment of partnership effects, executed by one member of the firm, was set aside on the ground that the same was never assented to or ratified by the other members. The assignee and one of the non-executing members appealed from the vacating judgment, and obtained a reversal thereof and an order for a new trial. *Held*, in the absence of any evidence of intention on the part of the appellate court to the contrary, that its judgment of reversal operated as such with respect to the non-executing member who did not appeal.

2. ASSIGNMENT BY FIRM—RATIFICATION BY NON-EXECUTING MEMBER.

A member of a firm who defends an action attacking its assignment as invalid, on account of the non-execution thereof by such member, thereby ratifies and confirms the assignment. Following *Adee* v. *Cornell*, 93 N. Y. 576.

Appeal from special term.

Action by Nathaniel Hooper and another against Charles McC. Beecher and others. From a judgment dismissing the complaint on the merits, plaintiffs appeal.

Argued before VAN BRUNT, P J., and DANIELS, J.

*Franklin Bien*, for appellants. *Bangs, Stetson, Tracy & MacVeagh*, (*C. E. Tracy*, of counsel,) for respondents.

VAN BRUNT, P. J. This action was brought to set aside an assignment alleged to have been made by the firm of Charles McC. Beecher & Co., upon the ground that the same was made with intent to hinder, delay, and defraud creditors. This assignment was signed in the name of the firm by one of the members thereof, and it is claimed that the same was never ratified or assented to by the other two members of the firm. The case has been twice tried. Upon the first trial judgment was given for the plaintiffs setting aside the assignment. The defendants appealed to the general term, where the judgment was affirmed. The assignee and one of the members of the firm appealed to the court of appeals, (23 N. E. Rep. 569,) where the judgment was reversed, and a new trial ordered. It is claimed that this new trial was only ordered as against the said assignee and the appellant assignor, and that, one of the other assignors not having appealed, the final judgment remains setting aside the assignment as against him. We find no such limitation of the reversal contained in the report of the decision of the court of appeals, and no evidence that it was their intention to allow the judgment to remain as to one defendant, and reverse the same as to others, who stood in precisely the same relation to the judgment. Upon an examination of the questions which were discussed by the court of appeals, we do not see that there remains anything to be considered by this court. The court there held that the burden of establishing non-assent to the assignment by the non-executing members of the firm was upon the plaintiffs; and, upon the same evidence now before the court, the court of appeals held that the finding was not sustained that Johnson, the non-appealing defendant, did not assent. It appears from the evidence that Johnson defended the action to set aside the assignment upon the ground of his non-assent; and, if any authority were needed, the case of *Adee* v. *Cornell*, 93 N. Y. 576, holds that the fact that an assignor defended a suit to uphold the assignment was a ratification. It is also urged that the other non-executing defendant, Baillie, never consented to any general assignment, nor assented to, ratify, or confirmed the same after the making thereof. Baillie's letter and telegram, which are now before the court, and are urged upon its attention, were considered by the court of appeals as though they were evidence in the case in discussing the question of Baillie's assent, although they were not regularly before that court, and they held that that letter and telegram did not sustain the finding that he did not assent. The facts in re-

spect to the application of the money of the estate to pay the Brazilian creditors was also before that court, and it was not considered any ground sufficient to sustain the judgment setting aside the assignment. Under these circumstances, these questions are not open for discussion in this case, notwithstanding the elaborate brief which has been submitted thereon by the counsel for the appellant. It seems to us that upon the previous adjudication all the points now raised have been covered, and that the judgment should be affirmed, with costs.