DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Decree of the Surrogate's Court of Monroe county appealed from reversed and a trial of the issues stated in the opinion ordered before a jury in the Circuit Court of Monroe county, with costs of this appeal payable out of the estate to abide the event.

---

In the Matter of the Claim of NELSON DUNTZ, Respondent, *v.* WILLIAM L. HORTON and Another, as Executors, etc., of HENRY H. LEWIS, Deceased, Appellants.

*Bond and mortgage and guaranty of the collection thereof, pledged as security under a written agreement — effect of a compromise made between the pledgee and guarantor — liability of the former to the pledgor.*

Upon a trial, on the reference of a claim against the estate of a decedent, it was shown that one Gaylord, being indebted to the testator in the sum of $4,784, gave him his bond secured by a mortgage upon certain premises; that thereafter the testator, at the request of Gaylord, assigned the bond and mortgage to another person, and in lieu thereof received from Gaylord $800 on his debt, and the assignment of a bond with a second mortgage upon the premises, made by William and Hezekiah Howe, together with a guaranty of collection made by one Chamberlain in the following words:

"For value received of Henry H. Lewis, of Auburn, I hereby guaranty to him, his heirs and assigns, the collection of the moneys secured to be paid by said bond and mortgage according to the terms thereof.

"Dated AUBURN, N. Y., *Aug.* 28, 1884."

Thereupon the testator, as part of the transaction, made and delivered to Gaylord an instrument in the following words:

"William Howe and Hezekiah Howe to Arthur M. Gaylord. Bond and mortgage dated July 21, 1884, to secure the payment of the sum of $5,000 and interest thereon from the date thereof. Amount owing me from Arthur M. Gaylord is

$4,784, with interest thereon from April 1, 1884, less the sum of $800 cash paid this day, and he has assigned the above bond and mortgage to me, and has paid me such sum of $800. I do hereby covenant and agree that upon my receiving the balance owing me, either by payment from said Gaylord or collecting the same from said Howe bond and mortgage, or the guaranty of Chamberlain accompanying the same, that after such full payment I will transfer and assign such Howe bond and mortgage and guaranty to said Gaylord, or to such person as may be entitled to receive the same. Such bond and mortgage and guaranty having been assigned and transferred to me for the purpose of securing to me the payment of such am't owing to me, and in case I shall receive the am't of such Howe bond and mortgage, I covenant and agree to repay whatever sum I may receive in excess of the amount so owing me, with interest to the time I shall receive the same.

" Witness my hand and seal this 18th day of September, 1884.

"HENRY H. LEWIS. [L. S.]"

The subsequent foreclosure of the Howe mortgage by the testator was productive of nothing to apply upon the debt. Thereupon a movement was made to obtain payment from Chamberlain upon the guaranty, which resulted in a compromise with him and the surrender of the instrument containing his guaranty upon the payment of a sum less than the amount of the debt due the testator. The compromise with Chamberlain was made without the knowledge or consent of Gaylord. It was also shown that at the time of such compromise Chamberlain was responsible and worth from $20,000 to $25,000. The attorney who consummated the settlement acted in good faith, but was misled by Chamberlain into the belief that the compromise was an advantageous one for his client and for Gaylord.

Thereafter the present action was brought, founded upon an asserted claim arising out of the testator's alleged breach of covenant contained in such agreement in consequence of the satisfaction of Chamberlain's guaranty of collection of the Howe bond and mortgage, without payment in full, the plaintiff, the assignee of Gaylord, seeking to recover the nominal amount of the bond and mortgage in excess of that due to the testator.

*Held*, that by the agreement the testator undertook that, upon receiving the balance owing to him either by payment from Gaylord or by collection of the Howe bond and mortgage, or from the guaranty of Chamberlain, he would transfer such bond and mortgage and guaranty to Gaylord, and that if he should receive the amount of the bond and mortgage he would pay the amount in excess of the money due him to Gaylord;

That the compromise made with Chamberlain, although made in good faith, having been made without the knowledge or consent of Gaylord, would not conclude him if made to his prejudice, but that Gaylord was not prejudiced by the compromise if Chamberlain was his accommodation guarantor;

That, under the circumstances, and in view of the terms of the guaranty, it could not be held that the guaranty was intended to cover the amount only of the debt which Gaylord owed the testator, and the fact that the promise was to the latter did not necessarily require the conclusion that such relation was intended;

That it could be effectually transferred to Gaylord if it was made upon a consideration to guarantee the collection of the Howe bond and mortgage;

That Gaylord was beneficially interested in the execution of the guaranty, and its ultimate benefit was intended for him, and that Chamberlain could not be treated as his surety;

That Gaylord, having placed the guaranty and the bond and mortgage with the testator as security, with the right reserved to pay him the amount of his debt and take an assignment of them, was prejudiced by the discharge of the guarantor from liability to pay the amount which represented his (Gaylord's) interest in the bond and mortgage;

That when, by his compromise with Chamberlain, the testator disabled himself from performing his agreement with Gaylord, a liability arose on his part to respond in damages to the party entitled to such performance.

APPEAL by William L. Horton and another, as executors, etc., of Henry H. Lewis, deceased, from a judgment of the Supreme Court in favor of the claimant, Nelson Duntz, entered in the office of the clerk of the county of Cayuga on the 1st day of August, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal the evidence taken before the referee, and his findings of fact and conclusions of law.

The facts out of which the alleged claim arose are that Arthur M. Gaylord, being indebted to the testator in the sum of $4,784, gave him his bond, secured by a mortgage upon certain premises; that on September 18, 1884, pursuant to an arrangement to that effect, the testator, at the request of Gaylord, assigned the bond and mortgage to Nelson Beardsley, and in lieu thereof received from Gaylord $800 on his debt and the assignment of a bond with a second mortgage on the premises, made by William and Hezekiah Howe, together with a guaranty of collection made by one Chamberlain, of which the following is a copy:

" For value received of Henry H. Lewis, of Auburn, I hereby guaranty to him, his heirs and assigns, the collection of the moneys secured to be paid by said bond and mortgage according to the terms thereof.

" Dated AUBURN, N. Y., *Aug.* 28, 1884."

The testator then, and as part of the transaction, made and delivered to Gaylord an instrument as follows:

" William Howe and Hezekiah Howe to Arthur M. Gaylord. Bond and mortgage dated July 21, 1884, to secure the payment of the sum of $5,000 and interest thereon from the date thereof. Amount

owing me from Arthur M. Gaylord is $4,784, with interest thereon from April 1, 1884, less the sum of $800 cash paid this day, and he has assigned the above bond and mortgage to me, and has paid me such sum of $800. I do hereby covenant and agree that upon my receiving the balance owing me, either by payment from said Gaylord or collecting the same from said Howe bond and mortgage, or the guaranty of Chamberlain accompanying the same, that after such full payment I will transfer and assign such Howe bond and mortgage and guaranty to said Gaylord, or to such person as may be entitled to receive the same. Such bond and mortgage and guaranty having been assigned and transferred to me for the purpose of securing to me the payment of such am't owing to me, and in case I shall receive the am't of such Howe bond and mortgage, I covenant and agree to repay whatever sum I may receive in excess of the amount so owing me, with interest to the time I shall receive the same.

" Witness my hand and seal this 18th day of September, 1884.

"HENRY H. LEWIS. [L. S.]."

The subsequent foreclosure of the Howe mortgage by Lewis was productive of nothing to apply upon the debt. Thereupon a movement made to obtain payment from Chamberlain upon the guaranty resulted in a compromise with him and the surrender of the instrument containing it on payment of a sum less than the amount of the debt due to Lewis. His agreement above set forth was afterwards transferred by Gaylord to the plaintiff.

*E. C. Aiken*, for the appellants.

*F. D. Wright* and *Frank C. Cushing*, for the respondent.

BRADLEY, J.:

The action, as it must be termed (Code, § 2718), is founded upon an asserted claim arising out of an alleged breach of covenant contained in the agreement above mentioned of the defendants' testator, of date September 18, 1884, and in consequence of the satisfaction of Chamberlain's guaranty of collection of the Howe bond and mortgage without payment in full. The plaintiff seeks to recover the nominal amount of the bond and mortgage in excess of that due to Lewis, which excess at the date of his agreement was $929.

FIFTH DEPARTMENT, DECEMBER TERM, 1894.          [Vol. 83.

By the agreement Lewis undertook that upon receiving the balance owing to him, either by payment from Gaylord or by collection of the Howe bond and mortgage, or from the guaranty of Chamberlain, he would transfer such bond and mortgage and guaranty to Gaylord, and that if he should receive the amount of the bond and mortgage he would pay the amount in excess of the money due him over to Gaylord. Having failed to realize anything upon the foreclosure of that mortgage, and having been led to suppose that Chamberlain was not responsible, the defendants' testator by his attorney made a compromise with him and received in satisfaction of the guaranty a sum less than the amount due him from Gaylord. It turns out, and the referee found, that at the time of such compromise Chamberlain was responsible and worth from $20,000 to $25,000. The attorney who consummated the compromise acted in good faith, but was misled by Chamberlain into the belief that the compromise was an advantageous one for his client and for Gaylord. But as it was made without the knowledge or consent of the latter, he was not concluded by it if it was made to his prejudice. He was not prejudiced by the compromise if Chamberlain was his accommodation guarantor. It is now urged on the part of the defendants that such was his relation to Gaylord, and there are some circumstances which tend in that direction. The instrument of guaranty was delivered by Gaylord to Lewis in a transaction between them whereby it and the Howe bond with the mortgage, which was a second mortgage on the premises, were taken by him as security for most of the amount secured by the first mortgage which was transferred by Lewis to Beardsley at the request of Gaylord.

The guaranty ran directly to Lewis. It, however, was not in terms limited to the security of the debt due to him, but went further, and guaranteed the collection of the Howe bond and mortgage in the amount of which Gaylord nominally had an interest in excess of the amount due to Lewis. The question whether the guaranty was made for the accommodation of Gaylord was not, as it could not well be, treated at the trial as one of law upon the evidence, and, therefore, was not specifically raised there. And the referee found that in consideration of the guaranty by Chamberlain a sum of money was paid to the firm of which he was a member, " and an agreement made for the payment of an additional amount."

As it was not deemed advisable to specifically except to such finding, it is unnecessary to refer to the evidence upon which it was made by the referee.

It cannot, in view of the terms of the instrument and the findings of the referee, be held here that the guaranty was intended to cover the amount only of the debt which Gaylord owed Lewis. And the fact that the promise was to the latter does not necessarily require the conclusion that such relation was intended. It could be effectually transferred to Gaylord if it was made upon a consideration to guaranty the collection of the Howe bond and mortgage. Whatever suspicion to the contrary arises out of the appearance of the transaction, and from which it may not be entirely free, the findings of the referee are such as to show that Gaylord was beneficially interested in the execution of the guaranty, and that its ultimate benefit was intended for him. In that view Chamberlain cannot be treated as his surety. And having placed that instrument and the bond and mortgage with Lewis as security, with the right reserved to pay him the amount of his debt, and take an assignment of them, Gaylord was prejudiced by the discharge of the guarantor from liability to pay the amount which represented his interest in the bond and mortgage. It is contended that in view of the circumstances under which the compromise was procured it was reasonable, and that no damage can be deemed to have been suffered by Gaylord. From the fact that it was made without his knowledge or authority (and as Chamberlain was amply able to pay the full amount and its collection could have been enforced from him), there is no fair opportunity to conclude that Gaylord may not have been deprived of an effectual remedy upon the guaranty to obtain the amount remaining of the bond and mortgage after satisfying the debt due to Lewis. This seems to have been the value of the guaranty, and its availability to Gaylord to realize such amount. And when Lewis disabled himself from performing his agreement his liability arose to respond in damages to the party entitled to such performance. (*Woolner* v. *Hill*, 93 N. Y. 576.)

The question whether Lewis could or the defendants can rescind the contract of compromise for fraud or deceit on the part of Chamberlain is not here for consideration. The transaction was

rendered apparently effectual as to him by the fact that he furnished something more than his promise as security for the payment of the stipulated sum agreed upon, and he is a necessary party to an action for such relief.

These views lead to the conclusion that the judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.