WILLIAMS v. WILSON & McNEAL CO.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. SALES—ENTIRE OR SEVERABLE CONTRACT—BREACH.

Where a seller put prices on goods, and the buyer ordered them from time to time, but no credit was extended, there was not such an entire contract that the seller was not entitled to recover for the goods first sold and delivered till he should have delivered goods subsequently ordered by the buyer.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 171-179.]

2. SAME—FINDING BY COURT.

    Where a seller put prices on goods, and the buyer ordered certain goods, which were furnished, but not paid for, the court's finding that the buyer ordered other goods, which were not "delivered," though demanded, does not show that the seller was under any obligation to deliver them, or that he violated his contract.

Appeal from Trial Term, Kings County.

Action by Charles D. Williams against the Wilson & McNeal Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Isaac N. Miller, for appellant.
William B. Hurd, Jr., for respondent.

JENKS, J. This action for goods sold and delivered was tried before the court, without a jury, which found for the plaintiff. The plaintiff put prices upon various goods; and thereafter the defendant ordered some of them; which were furnished, but not paid for. The defendant contended that certain goods thereafter ordered were not furnished, and the court found that they were not "delivered," although demanded.

The points raised upon this appeal are that there was an entire contract that nothing was to be paid until its complete performance, and that the finding of the court necessarily led to a judgment upon the counterclaim for damages for the nondelivery. There is no evidence that establishes that there was any entire contract, and the dealings between the parties do not indicate one. There is no proof that any credit was extended, or that there was any agreement that the payment for any goods furnished should be deferred until all goods which might be ordered from time to time were delivered. The general rule is that, in the absence of agreement for credit or delay, delivery and payment are each a condition of the other. Tipton v. Feitner, 20 N. Y. 423; Benjamin on Sales (7th Ed.) § 677. See, too, Ming v. Corbin, 142 N. Y. 334, 340 et seq., 37 N. E. 105. If the defendant had proved that the contract was entire, or that under the order for this lot and its acceptance credit was to be extended or payment delayed, or that the plaintiff was to give up the goods to it at its place of business before he was entitled to demand payment, then a different question might have been presented to the court. The learned counsel for the appellant cites Woolner v. Hill, 93 N. Y. 580, where the court say:

    "We think it was sufficient that the plaintiffs were ready and willing to pay the contract price of the alcohol when delivered, and no tender was necessary. This rule is well settled in this state. Coonley v. Anderson, 1 Hill, 519; Vail v. Rice, 5 N. Y. 155; Bronson v. Wiman, 8 N. Y. 188; Isaacs v. New York Plaster Works, 67 N. Y. 124."

But in that case the stuff was to be delivered at defendant's vessel, and the court had said immediately before the utterance quoted that the plaintiffs had demanded the delivery offering to pay the purchase

price on delivery. In the case at bar the plaintiff answered the demand for delivery by writing:

"Give us either $600.00 on account of the old bill and leave the balance until the dispute is settled, or else pay for these goods we have here and let the first bill wait until it is settled complete. We don't want to give you any larger line of credit than we have already given."

In the absence of any contract as to terms, the plaintiff was free to insist upon such terms as he chose, and consequently to demand payment before he shipped the goods to the defendant. I think that the court did not use the word "delivery" in the sense that the defendant was entitled to the goods, and that the plaintiff thereby broke his contract. Benjamin on Sales (7th Ed.) pp. 694, 695, says:

"There is no branch of the law of sale more confusing to the student than that of delivery. This results from the fact that the word is unfortunately used in very different senses; and, unless these different significations are carefully borne in mind, the decisions would furnish no clue to a clear perception of principles. * * * The word 'delivery' is sometimes used with reference to the passing of the property in the chattel, sometimes to the change of the possession of the chattel; in a word, it is used in turn to denote transfer of title, or transfer of possession."

I think that the expression as used, in view of the disposition of the case, simply meant that the plaintiff never parted with the possession of the goods, i. e., he did not give them over to the defendant, although a demand was made upon him.

"Ordinarily, and in the absence of an agreement to the contrary, the seller is under no obligation to send or carry to the buyer the goods sold. His duty is fulfilled by so placing them at the disposal of the buyer that they can be removed by him." Am. & Eng. Ency. of Law [2d Ed.] vol. 24, p. 1068. Without any proof as to the conditions of this sale, the seller asked payment for the goods which he had "here." The buyer had theretofore written that it would promptly pay any bills when the seller proved the delivery of the goods. There is not the slightest proof that the seller, in insisting upon the terms indicated by him, violated any contract between them, and the mere finding of "nondelivery" for the reasons already indicated does not inevitably require a conclusion of his breach of contract.

The judgment must be affirmed, with costs. All concur.