(27 Misc. Rep. 203.)

## SCOTT et al. v. BROWN.

### (Supreme Court, Appellate Term. April 21, 1899.)

CUSTOMS AND USAGES—KNOWLEDGE—DECORATORS.

To charge defendant with board of decorators on the ground of a custom in that particular trade entitling the master decorator to charge for the board of the men employed, it must be shown that defendant had knowledge of the existence of the custom.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Albert E. Scott and another, as co-partners, against William L. Brown. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William Steele Grey, for appellant.
A. G. N. Vermilya, for respondents.

MacLEAN, J. The plaintiffs' assignor, who was the plaintiff first above named, was employed by the defendant to do certain painting and decorating on his premises near Suffern, and he in turn employed workmen drawn partly from that neighborhood and partly from the city of New York. Some of the latter were paid by the piece and some by the day. In addition to the per diem charge and the charge by the piece, the assignor charged for the transportation and for the board of the men from the city. The bills, including one containing a charge for transportation, presented by the assignor and by the plaintiffs, were paid by the defendant, until he noticed a charge for board. That he refused to pay. The action was brought as for balance due for moneys expended for paying board of painters and decorators employed on the premises of the defendant, at his request, and upon his promise to pay for the same. It was not contended that the defendant agreed to pay the board of the men hired by the plaintiffs, but plaintiffs contended that they were entitled to the balance because of an alleged usage or custom in that particular trade entitling the master decorator to charge for the board of the men employed. There is nothing in the evidence in reference to the alleged usage, or that the defendant ever had any knowledge or notice of such usage. Walls v. Bailey, 49 N. Y. 464. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

LEVENTRITT, J. (concurring). The custom which the plaintiffs invoke was not such a uniform, continuous, and general usage that the defendant must be presumed to have contracted with reference to it. Dickinson v. City of Poughkeepsie, 75 N. Y. 65, 77. It was rather local, partial, or personal, having reference to a particular trade. Such a custom raises no conclusive presumption (Walls v. Bailey, 49 N. Y. 464), and it was therefore necessary for the plaintiffs to show that the defendant had knowledge of its existence. Harris v. Tumbridge, 83 N. Y. 92, 100. Not only is there no evidence of knowledge or notice on the part of the defendant, but the latter affirmatively testified that no such custom obtained, and that, if it did, he was entirely ignorant of its prevalence. No claim is made that the usage was expressly incorporated in the contract. The court below erred in that it applied the principles appertaining to a general custom, of which no one can be heard to profess ignorance, instead of those relat-

ing to a special ·custom, knowledge of which must be brought home to the contracting parties.   The judgment must therefore be reversed.   Judgment reversed, with costs to the appellant to abide the event.

