(29 Misc. Rep. 320.)

### SCOTT et al. v. BROWN.

(Supreme Court, Appellate Term.    October 25, 1899.)

1. CUSTOM—EXISTENCE OF OR KNOWLEDGE OF—QUESTION OF FACT.
   Not only the existence of a usage or custom, but whether a knowledge of it exists in any particular case, is a question of fact for the jury.

2. APPEAL—DECISION ON QUESTION OF FACT—FINALITY.
   Where there is sufficient evidence to present a question of fact to the judge sitting in the place of a jury, and he finds directly on that question, and it does not appear that injustice has been done, the judgment will not be disturbed.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Albert E. Scott and another against William L. Brown. There was a judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William Steele Grey, for appellant.
A. G. N. Vermilya, for respondents.

FREEDMAN, P. J. This action was brought by the plaintiffs to recover a balance claimed to be due from the defendant for moneys expended in paying the board of several painters and decorators engaged by the plaintiffs' assignor at the request of the defendant, and upon his promise to pay, and taken from the city of New York and transported to Suffern, L. I., and there employed upon the premises of defendant. It is substantially conceded that the defendant did not expressly promise or agree to pay for the board of the men so employed, and it is sought to charge him with such board by showing a general custom prevailing in that trade with which the defendant is presumed to have knowledge. Upon a former trial of this case (27 Misc. Rep. 203, 57 N. Y. Supp. 763) there was not only no evidence of such custom, but there was affirmative testimony to the effect that no such custom existed, and that, if it did, the defendant was ignorant of it. The plaintiffs upon this trial introduced testimony showing that the custom of paying the board of men engaged in one locality and taken to another where the labor was performed prevailed, and that it was of such uniform, continuous, and general usage that the defendant must be presumed to have knowledge of and to have contracted with reference to it. No attempt was made by the defendant to show that no such custom existed. "Not only the existence of such a usage, but whether a knowledge of it exists in any particular case, is a question of fact for the jury" (Walls v. Bailey, 49 N. Y. 464–476), and it may be established by presumptive as well as by direct evidence (supra). "Nor is it necessary, to prove a valid usage or custom, that all the witnesses should agree. If they differ as to its existence in the same place or in all places, this presents a question of fact for the jury." Dickinson v. City of Poughkeepsie, 75 N. Y. 66. While the evidence upon that question, much of which was received without objection or exception, was slight, there seems to have been enough to present the question of fact to a jury or the judge sitting in the place of a jury; and he having, in the case at bar, found for the plaintiffs directly upon that question, his decision having been expressed in a memorandum as follows: "I think the plaintiffs' testimony on the trial shows the existence of a general custom which defendant was bound to know," —and it not appearing that injustice has been done, the judgment should not be disturbed.

Judgment affirmed, with costs.

LEVENTRITT, J., concurs.

MacLEAN, J. (concurring). It does not seem to me that the plaintiffs have cured upon the second trial the defect in their case when it was brought before this tribunal upon the former appeal, whereupon it was pointed out that, to recover, the plaintiffs must prove "such a uniform, continuous, and general usage that the defendant must be presumed to have contracted with reference to it."