———————

## RYAN v. TOOP et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

NEGLIGENCE—BUILDINGS—LICENSES.

> A subcontractor for the plastering in a building in process of construction ordered his servant to plaster along a stairway, and he attempted to do so by standing on iron treads on the stairs, which treads were not bolted or intended to walk on, but were to serve merely as a sheathing for stone treads. A tread gave way, and the servant was injured. *Held*, that the contractor was not liable.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1241–1265; vol. 37, Cent. Dig. Negligence, §§ 59, 66–68.]
>
> O'Brien, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Michael J. Ryan against George H. Toop and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant Toop appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

Frank Verner Johnson, for appellant.
Gilbert Ray Hawes, for respondent.

HOUGHTON, J.  The defendant Toop was the contractor for the ironwork, including stairways, for a hotel in the city of New York in process of erection.  The plaintiff was in the employ of one who had the plastering contract for the same building.  The defendant had erected the iron stringers and risers of the stairway, and had put in position, but not bolted, and sheet-iron treads upon which, when finished, the stone treads were to be placed.  These sheet-iron treads were not intended to walk upon, but were for the purpose of protecting the stone treads from fire underneath, and before the stone treads were placed on them they were to be bolted to the iron framework.  The plaintiff was directed by his employer to plaster the side walls of the stairway between the two upper floors.  This he proceeded to do, and, instead of erecting any staging or placing any plank, he attempted to perform the work by standing on this uncompleted stairway, and his weight forced one of the unbolted sheet-iron treads through the opening, and he fell to the floor below, and sustained the injuries for which he brings this action.  The stairway was not used, or in condition to be used, for ascent or descent in the building.  Another stairway had been provided for that purpose.

Plaintiff insists that the defendant was negligent in not bolting the sheet-iron treads, or in not fitting wooden treads over them, or in not barring the stairway, or in not maintaining a sign of danger.  We do not think the defendant was bound to do any of these things.  The difficulty with plaintiff's position is that the defendant was under no obligation to him to provide a safe place in which he might perform his work.  A person cannot be held liable for injuries received because of a defective way or structure unless it be his duty to erect or maintain such way or structure in a reasonably safe condition.  It was not a situation where the defendant led the plaintiff into the belief that he might use the stairway with safety, or where an insecure covering had been placed over a hole in a floor over which one might be expected to walk.  The stairway was in process of erection and incomplete, and not in condition to be used for travel, and was not used for that purpose.  The plaintiff could use it to reach the wall which he was plastering if he desired, instead of erecting any other structure for that purpose; but if he did use it he did so at his own risk and at his own peril.

Under the facts disclosed, the plaintiff failed to prove any cause of action against the defendant, and his complaint should have been dismissed.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur, except O'BRIEN, P. J., who dissents.

O'BRIEN, P. J. (dissenting).  The details of the construction of the staircase and its condition at the time, as well as the way in which the accident occurred, are sufficiently set forth in the prevailing opinion of Mr. Justice HOUGHTON.  The facts appear that at the time of the accident the staircase upon which the plaintiff was injured was apparently safe; that the plaintiff, without negligence upon his part,

went upon it to plaster the side walls of the stairway. There is also testimony in the case to show that there was a custom of plasterers to use the staircases instead of erecting scaffolding, while plastering these side walls, and that it was the custom of those erecting the staircases either to bolt the sheet-iron treads to the risers and stringers, or to put on temporary wooden treads, or to give notice that the staircase was unsafe; all of which the defendant failed to do. While there is no contract relationship between the plaintiff and the defendant which imposed upon the latter the duty of furnishing a safe place to work or other duty, nevertheless I think that the defendant, under the facts in the present case, is liable for the injuries sustained by the plaintiff, upon the well-established principle of law that one should not subject an innocent person to injury by means of a trap. The plaintiff here was in no sense a trespasser, nor was he a bare licensee. As an employé of a contractor engaged upon the building he had a right equal to that of the defendant in any part of the building to which the duties of his employment carried him. It was a part of his duty to plaster the side walls of the stairway. Under the custom testified to above, and I think even in the absence of any such custom, it was not only natural and reasonable that the plaintiff should use the stairway instead of erecting independent scaffolding, but, as it would economize time and labor, it was his duty to do so if such use could be made safely. The defendant was not obliged to provide a staircase suitable for plaintiff to work upon, but in my judgment if he erected one he was under the obligation not to leave it in such a condition that it would constitute a trap.

I think the judgment appealed from should be affirmed.