[L. A. No. 3638.   Department Two.—February 16, 1916.]

JOHN W. FOUNTAIN, Respondent, v. WILLARD–SLA-
TER COMPANY (a Corporation), Appellant; WILL-
IAM A. VENABLE, Defendant.

DAMAGES—PERSONAL INJURIES—GENERAL CONTRACTOR LIABLE TO EM-
PLOYEE OF SUBCONTRACTOR FOR DEFECTIVE CONDITION OF APPLIANCES
FURNISHED.—A plasterer employed by a subcontractor can recover
against the general contractor for the erection of a city school
building for personal injuries sustained by the breaking of a tem-
porary tread on the permanent stringers of a staircase in the build-
ing, where the tread was placed there for the use of all workmen,
and was covered by debris, so that its defective condition was not
visible, and where the general contractor furnished all of the appli-
ances and materials used by the subcontractor and his employees,
and was under obligation by his contract to furnish them.

ID.—CONTRIBUTORY NEGLIGENCE—USE OF STAIRCASE PREFERRED FOR TEM-
PORARY USE.—It was not negligence for the employee of the sub-
contractor to use this staircase instead of using a ladder, where the
staircase was the most convenient method of approach to the work
being done and no warning was given to the employee not to use it.

ID.—NO DUTY TO SELECT PARTICULAR PORTION OF STAIRCASE.—When a
staircase is tendered to an employee as fit for the use he is making
of it, the employee is not guilty of contributory negligence in not
picking out some particular portion of it to use in his ascent.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

John Murray Marshall, Walter Gould Lincoln, Perry F.
Backus, and Roy V. Reppy, for Appellant.

Paul M. Nash, and Le Roy D. Barnett, for Respondent.

HENSHAW, J.—Defendant Willard-Slater Company, un-
der contract with the Los Angeles city school district, was
erecting for it a school building in Los Angeles.   It engaged
defendant Venable to do the work of plastering this building.
Plaintiff in turn was employed by Venable as a hod-carrier.
In the building was a flight of stairs.   The permanent string-
ers or supports of the steps were in place and across and

resting upon them were temporary treads, of Oregon pine, one inch thick by six inches wide laid flatwise. The stairway was eleven feet five inches wide. The stringers were at each end and in the middle. There was thus between the stringers an unsupported space of over five feet upon each side of the middle stringer. The treads themselves were covered with the ordinary litter deposited in the process of the construction of such a building. Plaintiff was carrying a hod full of mortar up these steps when a tread broke, precipitating him to the floor below and inflicting the injuries complained of. The tread which broke was not a clear board but contained several knots, and the break was through these knots. Plaintiff sued his immediate employer Venable and the general contractor. Judgment was given against the general contractor alone and that corporation appeals.

Upon appeal it argues that plaintiff in using the steps was a mere licensee to whom it owed no especial duty; that the steps were not an appliance furnished to Venable and his employees, and that they used them at their peril. In answer to this there may be first pointed out the finding of the court that the defendant Willard-Slater Company furnished all the materials and appliances which were used by the defendant Venable and his employees, including the plaintiff. Defendant not only so furnished these materials and appliances, but it was a part of its express duty under its contract with the city so to furnish them, and it is not denied by the pleading that appellant did furnish all the materials and appliances which were to be used by all of the workmen. Moreover, it is undisputed that the steps were made by defendant's own workmen. And, finally, Mr. Slater, of the defendant company, testified: "The temporary steps were placed there for the workmen in general to be able to get from one part of the building to the other easily."

It is argued that a ladder had been supplied and that plaintiff could have climbed this ladder and not used the steps. To this it may be answered that it was not incumbent upon him to do so, and it was not negligence for him not to do so. It appears that there had been a ladder which plaintiff, with other hod-carriers, had used when the plastering was being done in another part of the building. At the time of the accident the plastering was being done upon the first landing of the staircase. The ladder had been taken away and the

steps were the most accessible and direct mode and method of reaching the plasterers where they were then at work.   Plaintiff was given no warning against using the stairway.   Other hod-carriers and other workmen did use it, and the defect in the tread which broke was concealed by the rubbish.   Thus plaintiff was not a mere licensee using instrumentalities not designed for his use and so using them at his peril.   He was using an appliance which it was the duty of appellant to furnish and which appellant did furnish for the use of all the workmen about the building.   Thus such cases as *Fanjoy* v. *Seales*, 29 Cal. 244, and *Ryan* v. *Toop*, 114 App. Div. 165, [99 N. Y. Supp. 590], differ radically in their facts from the case at bar, and render the legal considerations there set forth themselves inapplicable.   In *Fanjoy* v. *Seales*, the plaintiffs, who were employed to paint a house, supported their scaffold by a cornice, which cornice broke.   The owner had done nothing to induce them so to attach their scaffolding, and the declaration of this court was that the cornice was not designed for the purpose for which it was used.   Its use was not suggested or invited by the owner, and he was not responsible for the injury which resulted from the breaking of the support.   Similar facts and a similar declaration of law are found in *Ryan* v. *Toop*.   There the subcontractor for the plastering of a building, which building was in process of construction, himself ordered his employee to plaster along a stairway, and the employee attempted to do so by standing on the iron treads of the stairs.   These treads were not bolted.   They were not intended to be walked on.   They were designed to serve merely as a sheathing for stone treads not in place.   One of these unbolted iron treads gave way and the servant was injured.   The holding of the court that the contractor was not liable for this misuse and uninvited use of the stairway was clearly correct, and as clearly inapplicable to the facts of this case.

It is said that it would be difficult to find a clearer case of contributory negligence than that shown by the facts in this case, this clear contributory negligence consisting in the failure of the plaintiff to walk up the stairs along the line of the middle supporting stringer, the testimony showing that he attempted to ascend the stairs about halfway between the middle stringer and the end stringer.   We state the point to show that it has not been overlooked, but we cannot agree

that where a staircase is tendered to an employee as fit for the use he is making of it, he is guilty of contributory negligence if he does not pick out some particular part or portion of the stairway to use in his ascent. The general duty of furnishing reasonably safe machinery and appliances is not subject to any such limitation.

None of the other questions presented by appellant call for special consideration.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.