CORNELIUS CASSIN, Respondent, *v.* STILLMAN, DELEHANTY-FERRIS COMPANY, Appellant.

Second Department, November 22, 1918.

Negligence — injury to employee of subcontractor by defective ladder owned by contractor — liability of contractor governed by contract with subcontractor — evidence not establishing custom — requisites of binding custom — evidence — reason for rejecting proposed contract — Labor Law — accident in foreign State.

Where the plaintiff, an employee of a subcontractor engaged in roofing a building, was injured by the breaking of a ladder owned by the defendant, the main contractor, the duty of the latter to the plaintiff must arise, if at all, out of its contract with the plaintiff's employer.

The contract between the defendant and the subcontractor, the plaintiff's employer, did not in express terms require the defendant to furnish ladders for the employees of the subcontractor, and the plaintiff sought to enlarge the provisions of the contract by proof of a custom that general contractors furnish roofing contractors with such means of access to the roof. The only proof on this issue was that subcontracting roofers were accustomed to use ladders which the contractor brought to the premises for its own use. *Held*, that the evidence was insufficient to establish a custom enlarging the contract between the defendant and the subcontractor.

In order to justify a decision that parties to a written contract intended to obligate themselves to do something which cannot be found in the terms of the contract itself, the custom must be shown to be reasonable, uniform, well settled and either known to the parties when the contract was made, or so generally known as to raise a presumption that they had it in mind at the time.

Where it appeared that a form of contract submitted to the defendant by the subcontractor, and which required the defendant to allow the free and reasonable use of such facilities as might be available for handling materials, was rejected by the agent of the defendant who had charge of subletting the contract, it was reversible error to refuse to allow said agent to testify that he informed the subcontractor that he would not accept the contract because it bound the defendant to allow free use of said facilities, etc.

Such testimony is not inadmissible upon the ground that it is an attempt to vary the terms of a written contract, for the rule which rejects such parol evidence applies only in controversies between parties to the instrument.

Where the cause of action arose in the State of New Jersey, the provisions of the New York Labor Law have no force.

APPEAL by the defendant, Stillman, Delehanty-Ferris Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of February, 1918, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 31st day of January, 1918, denying defendant's motion for a new trial made upon the minutes.

The defendant was a general contractor for the construction of certain sheds at Weehawken, N. J., for the West Shore Railroad Company. Such contract embraced the roofing of the sheds, and a subcontract for such roofing was made with the H. W. Johns-Manville Company. The plaintiff was in the employ of the subcontracting company and was injured by the breaking of a ladder owned by the defendant, which he was using to gain access to the roof. For these injuries he has recovered a judgment against the defendant on a verdict for $7,500, and the defendant appeals therefrom to this court.

*Frederick W. Catlin* [*Norman G. Hewitt* and *Robert H. Woody* with him on the brief], for the appellant.

*William Seward Shanahan,* for the respondent.

BLACKMAR, J.:

The learned trial justice accurately charged the jury that the plaintiff, in order to recover, must prove facts showing that the defendant owed to plaintiff a duty with respect to the ladder the breaking of which caused the injury; that as the plaintiff was not in the employ of the defendant and no contractual relation existed between them, that duty must arise, if at all, out of the contract between the defendant and plaintiff's employer, the H. W. Johns-Manville Company; and if the defendant was obligated by such contract to furnish ladders for the use of the employees of the H. W. Johns-Manville Company, it owed to them the duty of using due care that such ladders should be safe for the use to which they were put. The case, therefore, turned primarily on the question whether under the contract between defendant and the H. W. Johns-Manville Company the defendant was bound to furnish ladders to the subcontractor's employees, as there

was no other reasonable means of access to the roof. The contract was in writing, and no express terms placed this duty on the defendant. The plaintiff, therefore, sought to enlarge the provisions of the contract by proof of a custom that general contractors should furnish to roofing contractors such means of access to the roof, and the learned justice charged the jury that if they found that such custom did not exist their verdict must be for the defendant.

Evidence of usage is usually admitted to solve ambiguities in contracts, to render certain that which is uncertain, and to determine the sense in which the parties used the words. (*Walls* v. *Bailey,* 49 N. Y. 464.) Proof of usage which is so universal and well known as to amount to a custom may also add to a written contract provisions which cannot be spelled out of the language. (*Hutton* v. *Warren,* 1 M. & W. 466.) But to justify a decision that the parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties when the contract is made, or so generally known, as to raise a presumption that they had it in mind at the time. (*Rickerson* v. *Hartford Fire Ins. Co.,* 149 N. Y. 307.) The courts are loath to hold parties to unexpressed obligations unless it clearly appears that the matter was so plainly within their intention that it went, according to a current expression, " without saying." (See remarks of Justice STORY in *Schooner Reeside,* 2 Sumn. 567; *Hone* v. *Mutual Safety Insurance Company,* 1 Sandf. 137, 138.)

The plaintiff in this case seeks, by proof of usage, to annex to the contract between the defendant and the H. W. Johns-Manville Company a provision which cannot be spelled out of the writing itself. I think the evidence is not sufficient. As the work was to be done on the roof of sheds then under construction by the defendant, obviously the plaintiff was entitled to access. The general contractor often has facilities for his own workmen in the way of ladders for use in the necessary work of construction. These facilities may be and undoubtedly often are used by subcontractors. Both the contractor and the subcontractor are working to the same

end, and it is for the interest of the contractor to facilitate the work on the subcontract. But the permitted use of the ladders is a different thing from an obligation on the part of the contractor to furnish them. The evidence introduced by the plaintiff did not, it seems to me, go further than to show that subcontracting roofers were accustomed to use ladders which the contractor brought to the premises for its own use.

I think, also, that the judgment must be reversed for errors in the rejection of evidence directly bearing upon the issue. It appears that the H. W. Johns-Manville Company has a form of contract which it uses in cases like this. This form of contract was sent to the defendant and the defendant declined to use it. It contained the following clause: " You will receive and properly protect from (and accept all liability for) all damage and loss the materials necessary for carrying out this contract and allow us free and reasonable use of such facilities, elevators, etc., as may be available for handling our materials." The employee of the defendant company who had charge of the subletting of contracts was on the witness stand. He was shown this form of contract and testified that he did not sign it. He was asked why, and plaintiff's objection on the ground of immateriality was sustained and defendant excepted. He was then asked if the clause above quoted was one of the parts of the proposal that he objected to, and again an objection to the question on the ground of immateriality was sustained and defendant excepted. He was then asked what conversations he had with representatives of the H. W. Johns-Manville Company in regard to the proposal, and again an objection by the plaintiff to the question on the ground that it was incompetent and immaterial was sustained and defendant excepted.

In so far as the questions called for undisclosed reasons or objections in the mind of the witness, the evidence was objectionable; but I think it clearly relevant and material to show that the witness informed the representatives of the H. W. Johns-Manville Company that he would not accept the contract because it bound the defendant to allow free and reasonable use of facilities — elevator, etc.— in handling materials. The plaintiff seeks to sustain the ruling on the ground that the offer of such evidence was an attempt to

vary a written contract. But in the first place the rule which makes a written contract conclusive proof of what the parties have agreed to, and which rejects parol proof to vary or contradict the writing or its legal import, applies only in controversies between the parties to the instrument. (*Folinsbee* v. *Sawyer*, 157 N. Y. 196.) And in the second place, the contract contained no provision obligating the defendant to furnish facilities for reaching the roof. The question was whether the facts proved regarding usage were such that the defendant must be presumed to have assented to the obligation to furnish ladders. But this was not the legal import of the words of the contract; the presumption is one of fact only and may be negatived by proof that the defendant did not so consent. It is written in Parsons on Contracts (Vol. 2 [8th ed.], 546): " Lastly, it must be remembered that no custom, however universal, or old, or known, unless it has actually passed into law, has any force over parties against their will. Hence, in the interpretation of contracts, it is an established rule, that no custom can be admitted which the parties have seen fit expressly to exclude." (*Walls* v. *Bailey*, 49 N. Y. 464.)

In the view which I take of the case, it is not necessary to consider whether the particular ladder used by the plaintiff, which was built for a different purpose and was not fitted for the use to which it was put, was furnished to plaintiff by the defendant.

The case of *Quigley* v. *Thatcher* (207 N. Y. 66), which applied the provisions of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 18), is obviously no authority for plaintiff, as the cause of action arose in New Jersey, where the provisions of statutes of the State of New York have no force.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and THOMAS, J., concurred; RICH and KELLY, JJ., concurred upon the second ground stated in the opinion, as to the error in the exclusion of evidence.

Judgment and order reversed and new trial granted, costs to abide the event.