JOHN BRADY, Respondent, *v.* CLAREMONT IRON WORKS, INC., Appellant.

First Department, January 10, 1919.

**Negligence — liability of contractor who had agreed to partially construct stairway to employee of another contractor for personal injuries.**

A contractor who had agreed to partially construct stairs, in other words, to erect iron stringers and to place upon the stringpieces a light sheet of iron upon which marble treads were to be placed by another contractor, which iron was not designed for treads for people to step upon, is not liable for injuries sustained by an employee of another contractor by reason of negligent or faulty construction, even though no other pro-

---

* See 27 U. S. Stat. at Large, 532, chap. 196, § 8.— [REP.

vision had been made for the workmen to pass from floor to floor and although it was the custom to use the stairways in the condition in which they were.

SMITH, J., and CLARKE, P. J., dissented, with opinion.

APPEAL by the defendant, Claremont Iron Works, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of June, 1918, upon the verdict of a jury for $1,000, later reduced by consent to $500, and also from an order entered in said clerk's office on the 4th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the appellant.

*Phelan Beale* of counsel [*Bouvier, Beale & Geer* with him on the brief; *William J. Scanlon*, attorney], for the respondent.

PAGE, J.:

The judgment appealed from would hold the defendant to the liability that would have attached if it had completed a stairway for use of persons passing from floor to floor of the building, and by reason of negligent or faulty construction some one rightfully thereon had sustained injuries.

The facts, however, are quite different. The defendant had a contract to partially construct the stairs. It was to erect the iron stringers, risers and posts, and to place upon the stringpieces a light sheet of iron between one-sixteenth and one-eighth of an inch thick, upon which marble treads were to be placed. These pieces of iron were not designed for treads, for people to step upon, but were merely a backing for the marble treads, to protect them from fire. The obligation did not rest upon the defendant to produce a stairway safe for travel, but merely that portion of a stairway which, when completed by the work of some one else, would be a safe means of travel. If the defendant had agreed to build a stairway designed for the use of others while the building progressed, then a duty would have rested upon the defendant to make a stairway that would be safe for such use, within the principles stated in the cases cited by

the respondent. In this department we decided in a very similar case that there was no liability on the subcontractor. (*Ryan* v. *Irons*, 114 App. Div. 165.) The respondent attempts to distinguish that case from the instant case, in that in the *Ryan* case another stairway had been provided for the workmen to use, while in this case no other provision had been made. That fact, however, does not have any bearing on the liability of the subcontractor, for in neither case did any duty rest upon the defendant to provide a means of passage from one floor to another. The owner or the general contractor may have been under such a duty; the employer of the injured workman was under an obligation to provide safe ways and place to work. The *Ryan* case does not rest upon the ground that there was another safe way provided; the court said: " Plaintiff insists that the defendant was negligent in not bolting the sheet iron treads, or in not fitting wooden treads over them, or in not barring the stairway, or in not maintaining a sign of danger. We do not think the defendant was bound to do any of these things. The difficulty with plaintiff's position is that the defendant was under no obligation to him to provide a safe place in which he might perform his work. A person cannot be held liable for injuries received because of a defective way or structure unless it be his duty to erect or maintain such way or structure in a reasonably safe condition." The *Ryan* case was followed in *McDonough* v. *Toop* (120 App. Div. 875).

The judgment is further sought to be sustained upon the ground that it was the custom to use these stairways in the condition that this stairway was in, and that, therefore, the defendant owed a duty of care to those whom it had reason to know would be using the staircase as the plaintiff did. Two cases are cited as authorities for this proposition. (*Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124; *Quigley* v. *Thatcher*, 207 id. 66.) Both of these cases involved the use of scaffolds, appliances completed and ultimately designed for the purpose to which they were put. In the first case an owner erected the scaffold for the express purpose of use by the workmen, and it was held that, although it was under no contractual duty to do so, having prepared the scaffold, it was its duty to make it safe. In the other case the general

contractor constructed and located a scaffold in such a way that it of necessity had to be used by the subcontractor's employees, and it was said that the contractor may be held to have anticipated such use and to have assumed liability to such subcontractor and his employees for the safety thereof. In commenting on this case the Court of Appeals later said: " This is far from deciding that a subcontractor would be responsible for every scaffold, ladder, hoist, stay or other mechanical contrivance which his employees might see fit to use in the construction of a building on which different contractors were employed." (*Bohnhoff* v. *Fischer*, 210 N. Y. 172, 175.)

I cannot see how a custom on the part of others of putting an appliance to a use for which it was not intended can vary the contract which the defendant had made, and require it to add to the structure things not called for by the terms of the contract. It may be that it would have placed a duty on the owner or contractor, realizing that this structure would be so used, either to place temporary treads, or board it off, or put up signs, or prohibit its use. If the evidence had been that because of this general use it was the custom for the subcontractor to do some of these things, then it might be held that the parties, contracting with a knowledge of this custom, would be deemed to have intended such things to have been done, in addition to the contract stipulations. (See *Cassin* v. *Stillman, Delehanty-Ferris Co.*, 185 App. Div. 63.) In my opinion to attempt to hold the defendant liable by reason of any knowledge of a custom of others to use the structure for a purpose for which it was not designed would be unreasonable. If there was negligence in this case, it was not attributable to the defendant, but to the plaintiff or his employers. In my opinion the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

LAUGHLIN and MERRELL, JJ., concurred; CLARKE, P. J., and SMITH, J., dissented.

SMITH, J. (dissenting):

The defendant had a contract with a corporation known as the 105 West Fifty-fifth Street Building Corporation for the

installation of ornamental iron work in the construction of a building at that location. This contract included, among other work, the installing of steel work with the inside stairways exclusive of the marble treads. As the building progressed these staircases were put from one story to another and these stairways were used by the other contractors and their employees in going up and down through the building. An employee of another contractor doing masonry work upon the building stepped upon one of the treads of one of these stairs which fell by reason of the fact that it had not been bolted as it should have been. He has brought this action to recover against the defendant on the ground of its negligence in not properly constructing this staircase. It appears that this staircase was constructed with an iron frame and cement arches; upon each tread there was a sheet iron piece about an eighth of an inch thick which rested upon the risers in front and about three inches upon cement work in the rear. It was about three feet long and rested upon some side standards to which it was required to be bolted. In the final use of the building this iron plate was not to be used as the tread of the staircase but marble was to be put on top of it and this iron tread was for the purpose of protecting the marble in case of fire, so that the marble would not break or fall. The uncontradicted proof shows that the plaintiff had been engaged in similar construction for many years and that it was the universal custom as the construction progressed for these staircases to be put in in this shape and it was the custom to use these staircases with this iron tread for workmen going up and down through the building. The evidence further shows that while the defendant was thus constructing these staircases from one story to another these staircases were in constant use to carry up brick and mortar by the employees of the masonry contractor, so that the defendant had full knowledge of their use as well as the custom in making this use. While this work was progressing this plaintiff was using this stairway to carry up some mortar, and this iron plate, not being bolted, slipped aside and plaintiff fell and was injured. The question here presented is whether the defendant owed any duty to the plaintiff to properly perform his work so as to make the use of this stairway which he had

reason to anticipate reasonably safe. The construction of these staircases was not completed in the upper stories. There was no other way and according to custom there never was any other way for the employees of the masonry contractor to get up with the mortar and brick or for employees of other contractors to pass up and down, and this was known to the defendant. Under these facts within the authorities the defendant owed a duty to those who to its knowledge would make use of the stairway. Much reliance is placed by the appellant upon the case of *Ryan* v. *Irons* (114 App. Div. 165), but in that case a party stood upon a stairway in process of construction instead of erecting a scaffolding. The stairway was not in condition to be used for ascent or descent and another stairway had been provided for that purpose. In the case of *Smith* v. *Brady* (136 App. Div. 666) it was stated: " Where several independent contractors are working on a building, each of them owes to the employees of the other contractors a duty to exercise due care in performing his work if it might otherwise be a source of danger to such employees while lawfully engaged in their work on the building.   *   *   * ' The fact that there was no contract relation between plaintiff and defendant did not deprive the former of a cause of action.' " The same rule is held in *Galbally* v. *Strauss* (159 App. Div. 124), Mr. Justice SCOTT writing. In *McMullen* v. *City of New York* (110 App. Div. 117) the rule is stated that " A person undertaking to furnish machinery or appliances for the use of others assumes a duty to furnish a proper and safe appliance, and a negligent performance of such a duty, resulting in injuries to those engaged in doing the work or lawfully using the appliance, imposes a liability upon the person so furnishing the appliance for injuries sustained in consequence of such negligence. The obligation does not depend upon a contractual relation between the person injured and the person whose negligence caused the injury, but upon a failure to perform a duty assumed by one which results in injury to another." In *Devlin* v. *Smith* (89 N. Y. 470) defendant Smith, a contractor, employed to paint the interior of a dome, engaged the defendant Stephenson, an experienced scaffold builder, to build the necessary scaffolding. In an action to

recover damages for injuries sustained by one of the employees of Smith resulting from the fall of the scaffold, held, the defendant Smith was not liable, although he accepted the structure without examination, but that Stephenson was liable, although there was no privity of contract between him and the party injured. This case is distinguishable from the case at bar in that the scaffolding was built for this specific purpose. But in view of the universal custom in the use of these stairways in the condition in which this stairway was, and the defendant's knowledge of that custom, I think it may be said that the defendant owed the duty of care to persons who, it had reason to know, would be using the staircase for the purpose of carrying brick and mortar to the upper part of the building. (*Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124; *Quigley* v. *Thatcher*, 207 id. 66.)

The judgment and order should be affirmed, with costs.

Clarke, P. J., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.