the insured died from bodily injuries sustained through accidental means. The answer denied the material allegations of the complaint, denied performance of the conditions of the policy either by the insured or by the plaintiff, and by way of separate defense alleged non-liability by reason of a release executed by plaintiff's intestate, also that false and fraudulent statements contained in the application for insurance vitiated the policy and that the cause of death was acute dilatation of the heart and not the accidental injury sustained by the insured.

*Alfred M. Bailey, Solon Weit* and *Frank A. Bellucci* for appellant.

*Benjamin C. Loder* and *Herman Lenitz* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRANK DEVESO, Respondent, *v.* JOHN W. CHANDLER, Appellant.

LARKIN & COMPANY, Respondent, *v.* JOHN W. CHANDLER, Appellant.

*Contract — sale — action to recover for failure to deliver merchandise sold " F. O. B."— defense that it was duty of plaintiff to offer payment at place of shipment.*

*Deveso* v. *Chandler*, 210 App. Div. 684, affirmed.

*Larkin & Co.* v. *Chandler*, 210 App. Div. 684, affirmed.

(Argued October 21, 1925; decided November 24, 1925.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The actions were to recover for alleged failure to deliver potatoes sold by the defendant to the plaintiffs to be delivered " F. O. B." Exmore, Virginia. The

defense was that no place of payment having been specified in the contract payment and delivery were concurrent conditions and that it was the duty of the plaintiffs or their agents to have been personally present at Exmore, Va., on the dates of delivery and offered then and there the purchase price of the potatoes.

*Walter C. Newcomb* for appellant.

*Morey C. Bartholomew* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRED BUTTERFIELD & Co., INC., Appellant, *v.* ABRAHAM & STRAUS, INC., Respondent.

*Trade marks — word "Normandy" cannot be exclusively appropriated as common-law trade mark.*

*Butterfield & Co.* v. *Abraham & Straus,* 212 App. Div. 384, affirmed.
(Argued October 31, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered April 7, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to restrain the defendant from using the word "Normandy" as applied to voile fabrics and from selling fabrics as "Normandy voile" unless they were manufactured by the plaintiff. The trial court found for the plaintiff solely upon the ground that it had established a common-law trade mark in the word "Normandy" as applied to voiles. The Appellate Division held that by reason of its lack of inherent application to particular styles of goods exclusive in manufacture or description and because of its geographical nature, the word "Normandy" cannot be exclusively appropriated as a common-law trade mark.

*A. P. Bachman* and *Charles G. Hensley* for appellant.

*Leon Lauterstein, Edmond E. Wise* and *Avrom M. Jacobs* for respondent.