Standard Oil Company of New York, Respondent, *v.* Nicholas A. Siraco, Appellant.

Third Department, May 25, 1929.

*Rufus B. Lape* [*James Gibson, Jr.,* of counsel], for the appellant.

*L. M. Layden* [*Walter A. Chambers* of counsel], for the respondent.

PER CURIAM. It was error to dismiss defendant's counterclaims and direct a judgment for plaintiff. The defendant had established the execution of contracts with an agent of the plaintiff clothed with apparent authority to act. Loux, the agent, was a general salesman for that district. The law will imply the power to follow the usual and customary conduct adopted in the business (*Peterson* v. *City of New York*, 194 N. Y. 437, 442); in this case the power to agree upon the price and other details of the contract to sell and to establish signs. The agency of Loux was established *prima facie* by testimony and by the admission of the plaintiff in its original reply, properly received in evidence. (*Herzfeld* v. *Reinach*, 44 App. Div. 326; *Breese* v. *Graves*, 67 id. 322; *Vermeule* v. *City of Corning*, 186 id. 206; affd., 230 N. Y. 585.) The authority of the attorney to make the admission sufficiently appears (subject, of course, to be contradicted by plaintiff) for he was authorized to bring the action and conduct the trial; and the verification of the pleadings by him shows that his information and instructions came from the representatives of the corporation. It then became an admission of the party. (*Johnson* v. *Russell*, 144 Mass. 409, 411; *Stemmler* v. *Mayor, etc., of New York*, 179 N. Y. 473, 482.) The evidence offered but rejected, of sales to others about the same time and in the same locality, was competent as bearing on the authority of the agent. (*Beattie* v. *Delaware, Lackawanna & Western R. R. Co.*, 90 N. Y. 643.)

Assuming then that the contract was duly made, there followed a breach on the part of the plaintiff. This gave rise immediately to a cause of action on the part of the defendant for non-delivery of the goods contracted to be sold. (Pers. Prop. Law, § 148.) He was not obliged to wait until the time the last installment was due to be delivered. (*Pakas* v. *Hollingshead*, 184 N. Y. 211.) There was an anticipatory breach by plaintiff. (*Dimon Corporation* v. *Federal Sugar Refining Co.*, 215 App. Div. 140.) There was nothing further the defendant need do after he had demanded delivery. He was not required to tender payment until the goods were brought to his place of business as the contract implies will be done. (Pers. Prop. Law, § 123; *Deveso* v. *Chandler*, 210 App. Div. 684; affd., 241 N. Y. 559.) It was sufficient that he was ready and willing to pay, and he was under no obligation to make tender of payment for goods the plaintiff had already refused to deliver.

The right to damages existed when the breach of the contract had occurred. The measure was the loss directly and naturally resulting to him through the seller's breach. (*Perkins* v. *Minford*, 235 N. Y. 301.) If the trial occurs after the time of the contract has expired, it is possible to determine the amount with greater

accuracy. (Williston Sales [2d ed.], § 587. See, also, *Sider* v. *General Electric Co.*, 203 App. Div. 443; affd., 238 N. Y. 64.) But this does not mean that the defendant did not have a valid claim for damages at the time the action was brought, which preceded the date of the termination of the contract had it been fulfilled.

There are no other questions requiring discussion.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.